UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00037-7-JRG |
| | ) | |
| DON JUAN GLASS, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Don Juan Glass, Jr.'s letter, [Doc. 563], which the Court construes as a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), and the United States' Response in Opposition [Doc. 579]. For the reasons herein, the Court will deny Mr. Glass' motion.

### I. Background

In 2013, the United States indicted Mr. Glass on multiple counts under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Mr. Glass then entered into a plea agreement with the United States under Federal Rule of Criminal Procedure 11(c)(1)(C). He pleaded guilty to conspiring to distribute or possess with the intent to distribute at least 280 grams of a mixture or substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C §§ 846 and 841(a)(1), (b)(1)(A), and to conspiring to launder illicit proceeds, in violation of 18 U.S.C. § 1956(h). [Plea Agreement, Doc. 211, at 1–2; Minute Entry, Doc. 265].[1] In the Rule 11(c)(1)(C)

---

[1] Mr. Glass, despite having stated under oath that he conspired to distribute at least 280 grams of crack cocaine, [Plea Hr'g Tr., Doc. 738, at 14:1–25, 15:1–4], now claims that he "only had 9 grams of crack" and "ask[s] that the ghost dope that was attributed to [him] . . . be remove[d] and that [he] be sentenced to the 9 grams only." [Def.'s Mot. at 1]. Mr. Glass, however, does not now contend that he entered into his plea agreement unknowingly and involuntarily, and the Court therefore remains bound by the Rule 11(c)(1)(C) agreement, including the factual basis in which the parties agreed that Mr. Glass distributed at least 280 grams of crack cocaine. *See United States v. Perez*, 464 F. App'x 467, 468 (6th Cir. 2012) ("When a district court accepts a Rule 11(c)(1)(C) plea agreement, 'it is bound by the bargain.'" (quotation omitted)); *Alcauter v. United States*, Civ. No. 2:17-cv-0028; Crim. No. 2:14-cr-200(3), 2017 WL 6451182, at *4 (S.D. Ohio Dec. 18, 2017) ("The issues [the petitioner] now raises with respect to the guidelines, downward departure and variances are irrelevant because he agreed in advance to his change of plea to a sentence of sixty-six months[.]").

plea agreement, the parties agreed the appropriate term of imprisonment was 120 months. [Plea Agreement at 8].

At sentencing, Mr. Glass' total offense level and criminal history category were 31 and I, respectively, and his guidelines range was 120 months to 135 months. [Statement of Reasons at 1 (on file with the Court)]. The Court accepted the parties' Rule 11(c)(1)(C) plea agreement, [Hr'g Tr., Doc. 739, at 50:14–20], and sentenced Mr. Glass to 120 months' imprisonment, [J., Doc. 390, at 2], the mandatory minimum sentence under § 841(b)(1)(A). Acting pro se, Mr. Glass now moves the Court to reduce his sentence. The United States opposes his motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Mr. Glass' motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exception in § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if he satisfies two requirements.

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*). For most drug offenses—

2

including a conspiracy to distribute or possess with the intent to distribute crack cocaine—amendment 782 to the USSG has lowered the base offense level by two levels, and it is retroactively applicable. *Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018); *United States v. Hall*, No. 3:10-CR-56-6, 2017 WL 1089494, at *1 (E.D. Tenn. Mar. 22, 2017); *see* USSG Suppl. App. C, Amdt. 782 (reducing "by two levels the offense levels assigned to the [drug] quantities in" the drug-quantity table in USSG § 2D1.1(c)). When a defendant and the United States enter into a Rule 11(c)(1)(C) plea agreement—which allows them to agree to a term of imprisonment but requires the Court's approval, Fed. R. Crim. P. 11(c)(1)(C), (c)(3)(A)—the defendant will still be eligible for a reduction so long as his original guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* USSG § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon v. United States*, 560 U.S. 817, 826–27 (2010). In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if amendment 782 had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; USSG § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guidelines range. USSG § 1B1.10(b)(2)(A).

3

If a reduction is consistent with USSG § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing USSG. § 1B1.10 cmt. background)); *see also* USSG § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); USSG § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

Mr. Glass requests a "2 level reduction" under the "new crack law," which the Court construes as a request for a reduction under § 3582(c)(2) and USSG § 1B1.10 as amended by amendments 782 and 788 to the United States Sentencing Guidelines. [Def.'s Mot. at 2].[2] In response, the United States argues that Mr. Glass is not entitled to a reduction because the Court sentenced him to a 120-month mandatory minimum sentence. [United States' Resp. at 3]. In other words, the United States contends that Mr. Glass "is categorically ineligible for a sentence reduction" because his "current sentence is the lowest term authorized by statute." [*Id.*].

When a statute requires a court to impose a mandatory minimum sentence that exceeds a defendant's guidelines range, it replaces that guidelines range. *United States v. Johnson*, 564

---

[2] Mr. Glass also requests a reduction under the "Smarter Sentencing Act," but the Smarter Sentencing Act is not law. [Def.'s Mot. at 2].

4

F.3d 419, 423 (6th Cir. 2009). In Mr. Glass' case, the 120-month mandatory minimum sentence exceeded and replaced the guidelines range. *See* [Hr'g Tr. at 41:23–24 (containing the United States' concession that the guidelines range was "108 to 135 months, but now restricted to 120 to 135 given the mandatory minimum"); *see also United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011) ("[T]he defendant's crack cocaine guideline range was 235 to 293 months but, because he was subject to a mandatory minimum sentence of 240 months, his guideline range became 240 to 293 months." (citation omitted)).

"Whether a sentence is 'based on' the mandatory minimum or the advisory guidelines," however, "turns on 'what the district court actually said and did at the original sentencing,'" as well as the parties' conduct and the attorneys' arguments. *United States v. McClain*, 691 F.3d 774, 778 (6th Cir. 2012) (footnote and quotation omitted). At sentencing, the United States acknowledged that Mr. Glass was subject to a mandatory minimum term of 120 months' imprisonment and argued that it was the appropriate sentence. [United States' Sent. Mem., Doc. 379, at 2]. Likewise, Mr. Glass' attorney acknowledged that Mr. Glass had pleaded guilty to "the current mandatory minimum sentence of ten (10) years." [Def.'s Sent. Mem., Doc. 336, at 1]. And the Court, in sentencing Mr. Glass to 120 months' imprisonment, recognized that it had no discretion to sentence him to a term of imprisonment below 120 months:

> The Court: You asked me in [a] letter to consider sentencing you more leniently than you agreed to in this plea agreement. Do you understand that I don't have any discretion to do that?
>
> Mr. Glass: Yes, Your Honor.

[Hr'g Tr. at 43:9–13]. The Court ultimately acknowledged the "mandatory minimum sentence [was] imposed." [Statement of Reasons at 1].

5

Because the Court based Mr. Glass' sentence on a statutory mandatory minimum rather than a "sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), Mr. Glass is not eligible for a reduction, *see United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("[The defendant's] sentence was based on the statutory minimum sentence, not the crack cocaine guideline range. Because the Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress, [the defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (citations omitted) (quoting § 3582(c))); *see also McPherson*, 629 F.3d at 611–12 ("[The defendant]'s sentence was not based on a guidelines range that was subsequently reduced. . . . [I]t was based on the 240–month minimum sentence mandated by statute. . . . [The defendant therefore] was not eligible for a sentence reduction pursuant to § 3582(c)(2), and the district court did not err by denying [his] motion."); USSG § 1B1.10 cmt. n.1(A) (stating that "a reduction in the defendant's term of imprisonment is not authorized" if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)").

### IV. CONCLUSION

Mr. Glass fails to establish that he is eligible for a sentence reduction under § 3582(c)(2). His pro se motion [Doc. 563] is therefore **DENIED**.

So ordered.

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE